## WELSBACH LIGHT CO. v. AMERICAN INCANDESCENT LAMP CO.

(Circuit Court, S. D. New York. December 9, 1899.)

INJUNCTION—THREATENING SUITS FOR INFRINGEMENT OF PATENT.

A complainant in a suit for infringement of a patent will not be enjoined, on a motion by defendant, from sending circulars to defendant's customers threatening suits against sellers of the infringing article, where it is claimed that such threats are made in good faith, and it is not clear that such suits could not be successfully maintained.

On Motion to Restrain Complainant from Sending Circulars to Defendant's Customers.

Otto Horwitz, for the motion.

John R. Bennett, opposed.

LACOMBE, Circuit Judge. Irrespective entirely of the preliminary objection that affirmative relief of this sort will not be granted to defendant,—a question not now passed upon,—there seems no good ground for criticism of complainant's circular. It states that Judge Townsend enjoined the "manufacture and sale" of infringing mantles, and he did grant such an injunction. 87 Fed. 221. And this court has enjoined the sale of mantles which the person enjoined did not himself manufacture, when his past conduct in the matter of infringement created a special equity in favor of the complainant against him. It is true that the circular goes further, and threatens

suit against persons who sell mantles, but who never have been at all concerned in manufacturing or causing them to be manufactured; in other words, it threatens suit upon the patent as if it were a patent for a product. But the complainant insists that the threat is made in good faith; that it intends to bring suits against sellers of the infringing mantles upon the theory that the patent is really one for a product. In view of the peculiar language of the claim, this court is not now prepared to hold that such contention would be wholly without merit, or that the complainant could not succeed against a mere seller. Moreover, it is contended that the seller of a purchased mantle himself promotes the taking of the final step in the process, and such contention has not yet been passed upon adversely to complainant. These are questions which should be left to be determined in one of such suits, rather than here. If complainant intends to prosecute one or more sellers,—and there is nothing before the court to induce a disbelief in its assertion that it does so intend,—it would seem to be its proper course to warn dealers to desist from selling.